## No. 1037

### STATE ex LAKEWOOD (City) v.
### BERNSTEIN et

#### No. 20117.　Supreme Court

Error to Cuyahoga Appeals. Dock. Oct. 1, 1926, 4 Abs. 670.

**448.　ELECTION**—Can a charter amendment of a municipality be voted upon at other than a special municipal election; or upon a general state election date?

Article XVIII, Sections 8 and 9 of the Ohio Constitution and Article XVIII, Section 8 of the Charter of the City of Lakewood provide that amendments to the Lakewood Charter may be submitted to the electors of the city by a two-thirds vote of council and shall be submitted when a petition signed by ten per cent of the electors of the city, setting forth any such proposed amendment has been filed with the election authorities in the manner and form prescribed herein for the submission of ordinances by an initiative petition; and that "the ordnance providing for the submission of any such amendment shall be submitted to the electors at the next regular municipal election if one shall occur not less than sixty or more than one hundred and twenty days after its passage; otherwise it shall provide for the submission of the amendment at a special election to be called and held within the time aforesaid."

On August 23, 1926, the Council of the city of Lakewood unanimously passed an order designating November 2nd as the date of a special election to be held concurrently with the general state election. A petition for a writ of mandamus was filed on Sept. 15th in the Court of Appeals of Cuyahoga County and after hearing on Sept. 24th, was after Sept. 27th denied on the ground that a charter amendment could not be voted upon except at a special municipal election upon a special date

and at a general municipal election but that no such election would be held on a general state election date.

The Supreme Court on October 1st reversed the Court of Appeals of Cuyahoga County and ordered the Court of Appeals to issue a mandate to the Board of Election to place the question upon the ballot.

An injunction, in proceedings brought by the City, was refused by the Common Pleas Court and the Court of Appeals and the motion to certify the record was overruled in the Supreme Court. 4 Abs. 724.

Attorneys—W. L. David, R. G. Curren and Davis, Young & Vrooman for State ex; E. C. Stanton for Bernstein; all of Cleveland.